**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus ORTEGA–REYES, Defendant– Appellant.**

**No. 96–30045.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1996.**

Decided Jan. 27, 1997.

Barry McHugh, DUSA, Boise, ID, for plaintiff-appellee.

Michael J. Kane, Anderson, Kane & Tobiason, Boise, ID, for defendant-appellant.

Before WRIGHT, BRUNETTI, and O'SCANNLAIN, Circuit Judges.

BRUNETTI, Circuit Judge:

Jesus Ortega–Reyes ("Reyes"), challenges his seventy-eight month sentence imposed under the Sentencing Guidelines. The district court sentenced Reyes under the kidnapping Guideline by referencing the robbery Guideline pursuant to Section 2A4.1(b)(7), and refused to apply the one-level reduction for release of the victims within twenty-four hours under the kidnapping Guideline. We affirm.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); Circuit Rule 34–4.

## FACTS AND PROCEEDINGS BELOW

With the help of two of his friends, Reyes kidnapped a sixteen year old boy, Justin Warr, and his six year old niece. Reyes brandished a knife and forced the young pair into Justin's pickup truck. Together, the five of them drove for eight hours from Idaho to Utah, until Reyes and his friends finally dropped Justin and his niece off on the side of the freeway. Pursuant to a plea agreement, Reyes pled guilty to kidnapping, and the government dropped the carjacking charge. The district court sentenced Reyes to seventy-eight months imprisonment.

In the plea agreement, Reyes agreed to plead guilty to the kidnapping charge and the Government agreed to dismiss the carjacking charge. The Government reserved the right to argue for application of United States Sentencing Guideline Section 2A4.1(b)(7), which allows a reference to be made to another offense if the resulting offense level is higher. The Government specifically stated that it would argue that the "other offense," requiring application of Section 2A4.1(b)(7), was carjacking. The Government agreed that if it was successful in convincing the court that a carjacking had occurred, that it would recommend a sentence at the low end of the Guideline range.

At the sentencing hearing, the court and the attorneys focused on the issue of whether a carjacking had occurred. At the hearing the Government called Justin Warr to establish the applicability of the carjacking enhancement under the Guidelines. After brief cross-examination of Mr. Warr, defense counsel argued against applicability of the carjacking enhancement. The court ultimately agreed with defendants that a carjacking had not occurred. During the course of defendants' argument on carjacking, defense counsel admitted that a robbery had occurred, but denied that a carjacking had occurred.

Once the three defense counsels were finished, the Government reminded the court that under the plea agreement, it would recommend a sentence at the high end of the Guideline range if it lost the carjacking issue. Counsel for a co-defendant disagreed with the Government's interpretation of the plea agreement. He argued that Section 2A4.1(b)(7) could apply even if the court found that no carjacking had occurred. He said that the plea agreement required the Government to recommend a low-end sentence if Section 2A4.1(b)(7) applied, not just if a carjacking was found.

The Government then agreed with defense counsel's interpretation of the plea agreement. Counsel for Reyes did not object to this exchange between co-defense counsel and Government counsel. The court found that each defendant had agreed that "the presentence investigator was correct in making the cross-reference to the charge of robbery." The court emphasized that the only dispute was "whether or not the carjacking enhancement should apply," and concluded that it should not. The court, nonetheless, found that a robbery had occurred, and applied Section 2A4.1(b)(7) as suggested by Mr. Bieter and as agreed to by the Government.

Defendants had also argued for applicability of a one-level reduction found in the kidnapping Guideline because they released the victims within twenty-four hours. *See* U.S.S.G. § 2A4.1(b)(4)(C). The court refused to apply this reduction, stating that once the reference was made to the robbery Guideline, that Guideline should be used for all purposes. The court then applied the robbery Guideline and sentenced Reyes in the middle of the range to seventy-eight months imprisonment.

## DISCUSSION

The two issues presented by this case are: (1) whether the district court erred in using Section 2A4.1(b)(7) to reference the robbery Guideline, and (2) whether the district court erred in refusing to apply a one-level reduction for release of the victims within twenty four hours.

### I.

### Reference to the Robbery Guideline

█] The district court properly applied Section 2A4.1(b)(7) to reference the robbery Guideline. Section 2A4.1(b)(7) states that

If the victim was kidnapped, abducted or unlawfully restrained during the commission of, or in connection with, another offense . . . increase to—

    (A) the offense level from Chapter Two offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or unlawful restraint, or otherwise takes such conduct into account. . . .

U.S.S.G. § 2A4.1(b)(7).

The criteria set forth above in subsection (b)(7) apply in this case. First, Reyes kidnapped the two children during another offense, robbery. The district court found that there had been a robbery and the record amply supports this conclusion. The record shows that defendants committed a robbery when they took the pickup truck. Defendants forced Justin and his niece into the car by threatening them with a knife. They then drove the car from Idaho to Utah, dropped the pair off on the side of the freeway, and drove away towards Las Vegas. Indeed, during the arguments on the carjacking issue each defense attorney agreed that a robbery had occurred, but disputed that a carjacking had occurred.

Second, the robbery Guideline includes an adjustment for abduction. U.S.S.G. § 2B3.1(b)(4)(A). Third, application of the kidnapping Guideline yields an offense level of twenty four,[1] while the robbery Guideline yields twenty six.[2] The total offense level, therefore, is higher if calculated under the robbery Guideline instead of the kidnapping Guideline. Because the elements of Section 2A4.1(b)(7) are met in this case, the district court properly used that section to reference the robbery Guideline.

## II.

### Refusal to Give One–Level Reduction

■ Defendant also argues that even if the court properly applied the robbery Guideline, he is nonetheless entitled to the one-level reduction for release of the victims within *twenty-four* hours under the kidnapping Guideline. *See* U.S.S.G. § 2A4.1(b)(4)(C). The question whether a court may return to the kidnapping Guideline after making a reference under Section 2A4.1(b)(7) is one of first impression. The district court stated that it would not apply the kidnapping reduction because once the reference to robbery was made, the court was required to use the entire robbery Guideline calculation—it could not go back to the kidnapping Guideline. We agree.

The Sentencing Guidelines require that whenever a reference is made to another guideline, the entire guideline should be used.

    (a) A cross reference (an instruction to apply another guideline) refers to the *entire* offense guideline (i.e., the base offense level, specific offense characteristics, cross references and special instructions).

U.S.S.G. § 1B1.5.

In references that apply only when they result in a greater offense level, "the greater offense level means the greater *final* offense level." U.S.S.G. § 1B1.5(d). Read together, these two provisions required the district court to refer to the entire robbery Guideline under Section 2A4.1(b)(7), and to apply it, because it results in a greater final offense level. The instruction to refer to the entire guideline to reach a final calculation requires the district court to refer exclusively to the robbery Guideline. The plain language of the Guidelines does not allow the district court to apply both the kidnapping and robbery guidelines. Rather, once it has been determined that the robbery Guideline yields a higher final offense level, it must be applied.

Accordingly, the district court properly sentenced defendant under the robbery Guideline and the district court properly re-

---

**1.** This is calculated as follows: Base offense level twenty four, increase by two for dangerous weapon, decrease by one for release within twenty four hours, increase by two for vulnerable victim, and decrease by three for acceptance of responsibility.

**2.** This is calculated as follows: Base offense level twenty, increase by three for use of a dangerous weapon, increase by four for abduction, increase by two for vulnerable victims, and decrease by three for acceptance of responsibility.

fused to apply the one-level reduction from the kidnapping Guideline.

**AFFIRMED.**