**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER ANTHONY GUTIERREZ,

    Defendant - Appellant.

No. 96-5221
(D.C. No. 95-CR-152-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

    Defendant - Appellant, Peter Gutierrez ("Gutierrez") challenges his sentence imposed under the United States Sentencing Guidelines for his conviction of felony possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of stolen firearms, in violation of 18 U.S.C. § 922(j). Gutierrez's counsel has determined that Gutierrez's appeal is wholly frivolous.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Accordingly, counsel has filed both a motion to withdraw as attorney of record and a corresponding Anders brief outlining Gutierrez's argument. See Anders v. California, 386 U.S. 738 (1967).

Upon review of Gutierrez's arguments, we find the appeal wholly frivolous. Therefore, we grant counsel's request to withdraw as attorney of record, and we affirm Gutierrez's sentence.

## BACKGROUND

Gutierrez was named as a defendant in a four-count superseding indictment filed in the Northern District of Oklahoma on March 8, 1996. (ROA, Vol. I, Doc #10). Gutierrez entered a plea of guilty to Count One, in which he was charged with possession of a firearm after former conviction of a felony in violation of 18 U.S.C. § 922(g)(1), and to Count Two, in which he was charged with possession of stolen firearms, in violation of 18 U.S.C. § 922(j). (ROA, Vol. 1, Doc #15). Pursuant to the plea agreement, the government dismissed Count Three, armed carjacking in violation of 18 U.S.C. § 2119, and Count Four, use of a firearm in the commission of a violent felony in violation of 18 U.S.C. § 924(c). (ROA, Vol. 1, Doc #14).

By reference to the Probation Officer's PSI report, the district court went through the following analysis in calculating Gutierrez's sentence. First, the court looks to the sentencing guideline applicable for convictions under 18

U.S.C. §§ 922(j) and 922(g)(1), which is U.S.S.G. § 2K2.1. Pursuant § 2K2.1(c), however, the sentencing court must determine whether the firearm at issue was used by the defendant "in connection with the commission or attempted commission of another offense." U.S.S.G. § 2K2.1(c). If the court so finds, the court must then apply U.S.S.G. § 2X1.1 (the guideline for an attempt, solicitation, or conspiracy to commit another offense) if the resulting offense level is greater than the one provided for in § 2K2.1. Section 2X1.1(a) provides for a base offense level equal to the base offense level applicable to the underlying substantive offense, "plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). The underlying substantive offense at issue in this case is robbery and carjacking, which are governed by the robbery guideline, U.S.S.G. § 2B3.1. Because § 2B3.1 provides for a total offense level of 34, whereas the resulting offense level under § 2K2.1 is 19, (Compare ROA, Vol, II, Addendum to PSI Report, at 4 with PSI Report, at 7), § 2K2.1 requires the application of § 2B3.1.

In applying the Sentencing Guidelines, the sentencing court adopted the factual findings contained in the presentence report prepared by the Probation Office, which found that Gutierrez had used the firearms at issue during a carjacking. (ROA, Vol. III, Sentencing Transcript, at 103-04). The sentencing court reviewed the Probation Officer's findings and found, ". . . by a

preponderance of the evidence that the aggravating relevant conduct was correctly determined by the Probation Officer." (Id. at 102.).

Specifically, the Probation Officer found, through the testimony of the carjacking victim, Terrick Burdine, that Gutierrez used his gun to command Burdine into the back seat of his vehicle, at which time Gutierrez and an accomplice wrapped Gutierrez's hands, mouth, and eyes with duct tape. (ROA, Vol. II, PSI Report, ¶ 6). Next, Gutierrez's accomplice drove Burdine's vehicle into an isolated field, where Gutierrez and the initial accomplice joined three other accomplices in vandalizing and stripping Burdine's vehicle while he lay bound facedown in the backseat. (Id. ¶7). Finally, the carjackers shot Burdine in the shoulder, and left him for dead, whereupon Burdine was able to free himself from the duct tape and walk to a hospital. (Id.).

Upon these findings, the sentencing court calculated an offense level of 34 and sentenced Gutierrez to 235 months of incarceration, followed by a three-year term of supervised release. (ROA, Vol. I, Doc #15).

In his Anders brief, Gutierrez's counsel argues that the district court erred in three ways: first, he argues that the sentencing court should not have applied § 2B3.1 because Gutierrez was not convicted for carjacking; second, he argues that the carjacking enhancement should not have been used because the car was never taken from the owner; and third, he argues that the four-point abduction

enhancement should be reduced by one point reduction because of the brief duration of the abduction.

Pursuant to <u>Anders</u>, we have provided Gutierrez with a copy of counsel's <u>Anders</u> brief and allowed him time "to raise any points that he chooses." <u>Anders</u>, 386 U.S. at 744. Gutierrez has raised three arguments not raised in the <u>Anders</u> brief: first, Gutierrez claims that he was denied his Sixth Amendment right to effective counsel; second, Gutierrez claims that the government breached an agreement to recommend incarceration in a federal prison; and third, Gutierrez claims that he has been given inadequate access to law materials in prison.

<u>Anders</u> provides that if we find Gutierrez's appeal wholly frivolous, we should grant counsel's request to withdraw and proceed to a decision on the merits. Only "if [we] find any of the legal points arguable on their merits (and therefore not frivolous) [must we], prior to decision, afford the indigent the assistance of counsel to argue the appeal." <u>Anders</u>, 386 U.S. at 744. Upon review of Gutierrez's arguments, we find the appeal wholly frivolous. Accordingly, we grant counsel's request to withdraw as attorney of record, and we affirm Gutierrez's sentence.

## DISCUSSION

### A.    <u>Inapplicability of U.S.S.G. § 2B3.1 Claim</u>

Gutierrez's counsel candidly admits in his <u>Anders</u> brief that this court has rejected the proposition that a sentencing court cannot apply an offense level applicable to conduct for which the defendant was not convicted. In <u>United States v. Willis</u>, 925 F.2d 359 (10th Cir. 1991), we found that when a defendant uses an illegal firearm to commit other offense conduct his sentence, U.S.S.G. § 2X1.1 requires "that he be sentenced according to such other offense conduct even though his conviction is only for the unlawful possession of firearms." <u>Id.</u> at 361 (citing <u>United States v. Madewell</u>, 917 F.2d 301, 306 (7th Cir. 1990)). Further, the Supreme Court held just this term that a sentencing court may consider offense conduct of which the defendant has been acquitted, so long as that conduct has been proved by preponderance of evidence. <u>United States v. Watts</u>, 117 S.Ct. 633, 638 (1997) (per curiam).

In this case, Gutierrez cannot claim the force of a jury acquittal with regard to the carjacking count; he can only claim that did not plead guilty to such a count. Thus, the holding of <u>Watts</u> applies to Gutierrez's argument, *a fortiori*.

**B.     Inapplicability of the Carjacking Enhancement Claim**

Gutierrez's base offense level of 20, for robbery, was increased by 2 levels because the offense involved a carjacking.  See U.S.S.G. § 2B3.1(b)(1)(B). Carjacking, as defined in the United States Sentencing Guidelines, "means the taking or attempted taking of a motor vehicle from the person or presence of another by force and violence or by intimidation."  U.S.S.G. § 2B3.1, app. note 1. Gutierrez argues that this 2 level enhancement was inappropriate because he never took, nor did he attempt to take, the vehicle from the defendant.

We have rejected the crux of Gutierrez's argument in United States v. Payne, 83 F.3d 346 (10th Cir. 1996).  In Payne, we addressed the statutory crime of carjacking, which at that time defined a carjacker, in relevant part, as one who, "possessing a firearm . . ., takes a motor vehicle . . . from the person or presence of another by force and violence, or by intimidation, or attempts to do so."  18 U.S.C. § 2119 (as enacted 1992) (amended 1994 and 1996).  In Payne, the convicted carjacker never separated, nor attempted to separate, the car from its owner; rather, he purposively kept the car owner with him in the car in order to later force the owner to make cash withdrawals with an ATM card.  Id. at 347. We upheld the defendant's conviction after determining that "carjacking is a general intent crime analogous to robbery," and thus, "an intent to permanently

deprive a victim of a motor vehicle is not required by the 'taking' element." <u>Id.</u> at 347 (citing <u>United States v. Moore</u>, 73 F.3d 666, 669 (6th Cir. 1996)).

Because the sentencing guideline definition for "carjacking" is virtually identical to the "carjacker" definition analyzed in <u>Payne</u>, we believe that <u>Payne</u> has considered Gutierrez's argument, and rejected it. Accordingly, we affirm the district court's use of the carjacking enhancement.

**C.**     **<u>One Offense Level Reduction for the Brief Duration of Abduction Claim</u>**

Gutierrez's offense level was increased by four levels for the abduction of a person to facilitate the commission of a carjacking. <u>See</u> § 2B3.1(b)(4)(A). Gutierrez relies upon the kidnapping guideline, U.S.S.G. § 2A4.1, for the proposition that he is entitled to a one-level reduction for the fact that the kidnapping victim was released within twenty-four hours of the abduction. <u>See</u> U.S.S.G. § 2A4.1(b)(4)(C). We disagree.

The sentencing court applied the robbery guideline, not the kidnapping guideline, and the robbery guideline makes no provision for an offense level reduction predicated on the release of the victim within twenty-four hours. The robbery guideline simply increases the offense level four points for an abduction. There is no dispute that an abduction occurred here. Gutierrez argues that the sentencing court should have applied a kidnapping guideline reduction within a

robbery guideline calculation, but the Sentencing Guidelines reject this approach.

The Sentencing Guidelines require that a sentencing court which has cross-referenced to a certain guideline apply that entire guideline. United States Sentencing Guideline § 1B1.5(a) provides that "a cross reference (an instruction to apply another guideline) refers to the entire offense guideline (i.e., the base offense level, specific offense characteristics, cross references, and special instructions)," and U.S.S.G. § 1B1.5(d) provides that in references that apply only when the referenced guidelines results in a greater offense level, "the greater offense level means the greater final offense level."

In rejecting an identical argument to the one made here by Gutierrez, the Ninth Circuit has recently explained that "[t]he plain language of the Guidelines does not allow the district court to apply both the kidnapping and robbery guidelines. Rather, once it has been determined that the robbery Guideline yields a higher final offense level, it must be applied." United States v. Ortega-Reyes, 105 F.3d 1260, 1262 (1997). We find the Ortega-Reyes court's analysis persuasive, and thus reject Gutierrez's offense level reduction argument.

## D.    Ineffective Assistance of Counsel Claim.

In his pro-se petition, Gutierrez argues that he was denied the effective assistance of counsel below. We refuse to review this argument on direct appeal

because "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). Gutierrez has failed to show that his ineffective assistance claim qualifies as one of those "rare instances" in which we will hear an ineffective assistance claim on direct appeal. See Id. Accordingly, we dismiss Gutierrez's ineffective assistance claim.

### E.    **Breach of Plea Agreement.**

Gutierrez next argues that his incarceration in state prison reflects the breach of a plea agreement because his incarceration in federal prison "was agreed upon by the State of Oklahoma and the Federal Court." (pro se petition, ¶ 3). We construe Gutierrez's claim to be that the government breached its promise to *recommend* federal incarceration at sentencing, as the United States Attorney's Office does not actually imprison defendants.

We dismiss Gutierrez's claim because Gutierrez has not submitted any proof that the government agreed to recommend that he be incarcerated in federal court. Ordinarily, such proof consists of the production of the actual plea agreement. See e.g., United States v. Hawley, 93 F.3d 682, 690 (10th Cir. 1996) (quoting the written plea agreement in discussing a breach of plea agreement claim). Further, Gutierrez has not alleged that the government failed to

recommend federal incarceration; he only argues that he was not sentenced to a federal penitentiary.

## F.      Inadequate Law Library Claim

Gutierrez's final argument is that he has been denied constitutional access to the courts because of the inadequacy of the law library in the Oklahoma prison system.  This claim pertains to the constitutionality of Gutierrez's treatment in prison, and thus should be brought under 42 U.S.C. § 1983 and not on direct appeal.  See Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (providing that "[a]n action challenging denial of access to the courts because an inadequate law library may be brought pursuant to [42 U.S.C. § 1983]." (citing Bounds v. Smith, 430 U.S. 817 (1977)).  Accordingly, we dismiss Gutierrez's inadequate library claim without prejudice to refiling under 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated above, we AFFIRM Gutierrez's sentence and DISMISS Gutierrez's ineffective assistance of counsel claim, inadequate law library claim, and breach of plea agreement claim, all without prejudice. Moreover, we GRANT counsel's request to withdraw on the grounds that Gutierrez's appeal is without merit.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge