**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

FRANK GUTIERREZ,

    Defendant-Appellee.

No. 96-2300

(D.C. No. CIV-95-1071-JC)
(D.N.M.)

ORDER & JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Defendant Frank Gutierrez pleaded guilty to conspiracy to possess marijuana and money laundering and was sentenced to 103 months incarceration. 21 U.S.C. § 846; 18 U.S.C. §§ 2 and 1956(a)(1)(b). Herein, Defendant appeals from the district court's denial of his motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

2255. In his appeal, he raises six issues: (1) he was afforded ineffective assistance of counsel, (2) he was placed in jeopardy twice in violation of the Constitution, (3) prosecutorial misconduct, (4) violation of his speedy trial rights, (5) voluntariness of guilty plea, and (6) the district court abused its discretion when it dismissed his petition without holding an evidentiary hearing. Finding that the district court properly decided each of these issues, we affirm.

As a preliminary matter, it should be noted that it is unnecessary for Defendant to obtain a certificate of appealability to prosecute his appeal. The Supreme Court has recently held that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amendments to 18 U.S.C. § 2253 which imposed the requirement of a certificate of appealability do not apply to cases filed prior to the statute's effective date. See Lindh v. Murphy, No. 96-6298, 1997 W.L. 338568 (U.S. June 23, 1997).[1] Defendant's case was filed previous to that time. Accordingly, we proceed to the merits.

In his ineffectiveness claim, Defendant has not alleged sufficient prejudice which would satisfy Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that a defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable). Defendant alleges that his counsel was

---

[1] It should be noted that the Supreme Court's decision overrules our decision in Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997), to the extent that Lennox held that the AEDPA provisions applied to §§ 2254 and 2255 cases filed prior to the AEDPA's effective date.

2

ineffective; however, Defendant has alleged no facts which would tend to demonstrate that there is a reasonable probability that he would not have pleaded guilty absent counsel's alleged errors. See Strickland, 466 U.S. at 694 (holding that a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Moreover, Defendant's claim also fails Strickland's first prong. He has presented no particulars of how counsel's assistance was ineffective, and he has only made bald assertions without basis. The magistrate judge carefully and thoroughly reviewed these claims and concluded that they were meritless. It is clear on this record to this court that counsel's representation did not fall below the constitutional effectiveness threshold. Therefore, we find that Defendant's Sixth Amendment claim must fail.

Each of Defendant's other four substantive claims are procedurally barred absent ineffective assistance of counsel, cause and actual prejudice, or a fundamental miscarriage of justice. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). Defendant has presented us with no evidence of a fundamental miscarriage of justice or cause beyond his allegations of ineffectiveness of counsel. As Defendant's ineffectiveness claims go, so must each of his other substantive claims.

Finally, we examine Defendant's claim that the district court improperly denied him a hearing on his motion. We review a district court's denial of a § 2255 motion without an evidentiary hearing for an abuse of discretion. United States v. Whalen, 976

3

F.2d 1346, 1348 (10th Cir. 1992). In this case, there was no abuse of discretion because the motions, files, and records before the court left no doubt that Defendant's motion must fail. Defendant has not shown that evidence adduced at a hearing would have resulted in his § 2255 motion being granted. Thus, Defendant was not denied due process and his claim must fail.

After reviewing the district court orders, the briefs, and the record before us, we find for substantially the same reasons expressed by the magistrate judge and the district court that Defendant's claims are meritless and/or procedurally barred.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
Circuit Judge