**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID LANE,

    Defendant-Appellant.

No. 97-1134

(D.C. No. 96-M-3008)
(D.Colo.)

ORDER AND JUDGMENT*

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.**

Defendant David Lane applies for a certificate of appealability with regard to the district court's denial of his motion to vacate, set aside, or correct his sentence, which the district court correctly interpreted as being brought under 28 U.S.C. § 2255.  Lane

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. 34.1.9.  The case is therefore ordered submitted without oral argument.

properly moves for a certificate of appealability because he filed his § 2255 motion in district court after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, which first imposed the requirement for a certificate of appealability in § 2255 proceedings.  See Lindh v. Murphy, 117 S. Ct. 2059 (1997); United States v. Gutierrez, No. 96-2300, 1997 WL 383296 (10th Cir. July 11, 1997) (unpublished).  However, because Lane fails to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), we deny his application.

A jury convicted Lane under 18 U.S.C. §§ 2459(b)(2)(C) and 2.  We affirmed the convictions on appeal in United States v. Lane, 883 F.2d 1484 (10th Cir. 1989).  The district court denied the instant motion on the basis that it concerned the same ground covered in Lane's trial and appeal.  We are of the same opinion.  Moreover, the arguments emphasized in his application for a certificate of appealability are frivolous.  For example, Lane chiefly argues the federal government lacks criminal jurisdiction over virtually all crimes occurring within the boundaries of the individual states.

APPLICATION FOR A CERTIFICATE OF APPEALABILITY DENIED.


Entered for the Court,

Bobby R. Baldock
Circuit Judge

2