**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PETER ANTHONY GUTIERREZ,

      Defendant - Appellant.

No. 02-5137
D.C. Nos. 00-CV-1050-K and
95-CR-152-K
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se petitioner Peter Anthony Gutierrez (Petitioner) requests a certificate of appealability to appeal the district court's denial of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. He claims he received ineffective assistance of counsel due to his attorney's failure to advise him regarding how his sentence would be calculated. Because he has not demonstrated "a substantial showing of the denial of a constitutional right," we deny his request and dismiss the appeal. *See* 28 U.S.C. § 2253(c)(2).

On March 8, 1996, Petitioner was indicted on four charges: (1) possession of a firearm after former conviction of a felony, in violation of 18 U.S.C. § 922 (g)(1); (2) possession of stolen firearms, in violation of 18 U.S.C. § 922(j); (3) carjacking, in violation of 18 U.S.C. § 2119; and (4) use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). On April 22, 1996, Petitioner and the government reached a plea agreement under which Petitioner agreed to plead guilty to the first two counts, and the government agreed to dismiss the second two counts and not to initiate additional charges arising out of the investigation.

In applying the Sentencing Guidelines to Petitioner's case, the district court adopted the factual findings contained in the probation officer's presentence report, finding by a preponderance of the evidence that Petitioner had used the illegally possessed firearm during the commission of a carjacking. *See United States v. Gutierrez*, No. 96-5221, slip op. at 3-4 (10th Cir. July 8, 1997). Thus, in considering which offense level to apply, the district court considered

-2-

conduct relating to the two counts of the indictment—carjacking and use of a firearm during the commission of a crime of violence—that had been dismissed as part of the plea agreement between the government and Petitioner. *See id.* The court sentenced Petitioner to a term of 235 months in prison—five months shy of 20 years.

Petitioner challenged his sentence on direct appeal to this court. We affirmed the district court's sentence, finding Petitioner's claims to be wholly frivolous. *See id.* at 2.

Petitioner argues that his counsel was constitutionally ineffective during the plea process because he failed to inform Petitioner that the conduct associated with the charges dismissed as part of the plea agreement could be used to impose a higher sentence on the charges to which he pleaded guilty. We find this claim to be without merit. Petitioner was fully advised of the relevant information regarding his potential sentence.

The plea agreement informed Petitioner that "the maximum statutory sentence under both Title 18, United States Code, Section 922(g) (Count One), and Title 18, United States Code, Section 922(j) (Count Two) is imprisonment for a term of ten (10) years, and a fine of up to $250,000.00, or both." Plea Agreement at 6-7. The agreement stated that the sentence would be imposed in accordance with the Sentencing Guidelines, and that "the sentence has not yet

been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." *Id.* at 8. In addition, the plea agreement informed Petitioner that "**THE DEFENDANT FURTHER UNDERSTANDS THAT THE SENTENCE TO BE IMPOSED UPON THE DEFENDANT WILL BE DETERMINED SOLELY BY THE SENTENCING JUDGE.**" *Id.* at 9.

Petitioner also executed a "Petition to Enter Plea of Guilty and Order Entering Plea" that was filed with the district court. In it Petitioner attested to the following:

> My attorney has informed me my plea of GUILTY could subject me to a maximum term of imprisonment of ten years on Count One, and ten years on Count Two . . . .
> . . . .
>
> I have been advised by counsel I will be sentenced pursuant to the sentencing guidelines procedure established by Title 18 U.S.C. sections 3553 et seq. I understand sentencing is a matter left exclusively in the province of the Court; and I understand the sentence imposed by the Court may be within the guideline table range provided by law, or for good cause stated the Court may depart therefrom after a review of all relevant facts and circumstances of my case have been considered by the Court.

Petition to Enter Plea of Guilty and Order Entering Plea at 4, 6. This document also contained a "Certificate of Counsel," signed by Petitioner's lawyer, which said:

-4-

I have advised the defendant as to any minimum sentence required by law, and I have advised the defendant as to the maximum sentence possible under the applicable statutes. I have provided the defendant with my estimates concerning his possible sentencing guideline range, and my opinions concerning any possible grounds for upward or downward departure from the guideline range. I have specifically advised the defendant, however, that sentencing is a matter exclusively within the control of the Court.

*Id.* at 9.

Our standard of review is set forth in *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993):

We review a challenge to a guilty plea based on a claim of ineffective assistance of counsel using the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). *See Hill v. Lockhart,* 474 U.S. 52, 58 (1985). Under this test, the defendant must show that his counsel's performance "fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, and that the deficient performance resulted in prejudice, *id.* at 691. To show prejudice in the guilty plea context, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial." *Hill,* 474 U.S. at 59.

Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness. Petitioner alleges that "[c]ounsel's failure to advise [him] that the dismissed charges would be used in the sentence calculation is a clear example of counsel's ineffectiveness." Supporting Br. for Application for Certificate of Appealability at 2. He claims: "[D]efense counsel led [him] to believe, by the dismissal of the charges, that the charges would not be used against [him]. Therefore, [he] was tricked and misled into pleading guilty, through

misrepresentation." *Id.* He asserts that had he known that the charges would be used against him, he would have "pled not guilty and insisted on going to trial." *Id.*

In making these assertions, Petitioner neglects key facts. The plea agreement advised Petitioner that he faced a sentence of 10 years on each count to which he pleaded guilty. Moreover, the agreement specifically informed him that the judge was the ultimate decisionmaker in sentencing and that any estimates regarding his sentence made prior to his entering the plea were "a prediction, not a promise." Plea Agreement at 8. Petitioner himself acknowledged in his petition to the sentencing court that "sentencing is a matter left exclusively in the province of the Court." Petition to Enter Plea of Guilty and Order Entering Plea at 6. Petitioner's counsel attested that he had told Petitioner of the maximum sentence he faced, provided his "estimates concerning [Petitioner's] possible sentencing guideline range," and advised him "that sentencing is a matter exclusively within the control of the Court." *Id.* at 9.

Thus, Petitioner was well informed of the consequences of his plea and knew that the court had the authority to sentence him to as much as 20 years in prison. His counsel's failure to inform him of the specific bases on which his sentence would be calculated is of no moment and does not constitute deficient representation. Petitioner does not allege that his counsel misinformed him that

the Sentencing Guidelines would be applied in a certain way or that a lower sentence was likely to be imposed. Had his counsel done so, Petitioner's claim might well have merit. But there is no indication in either Petitioner's brief or the record on appeal that counsel misled Petitioner regarding what sentence he would receive. While a pro se litigant's pleadings are to be construed liberally, *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997), this court "will not supply additional factual allegations . . . on [a petitioner's] behalf." *Id.* at 1173-74.

We have reviewed Petitioner's brief, the district court's order, and the record on appeal. Petitioner's pleadings fail to satisfy the requirements of 28 U.S.C. § 2253(c)(2). Therefore, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge